I concur completely in the second assignment of error. I also agree with the majority in the first assignment of error. The parties do not dispute whether there was probable cause for the stop, only whether there was probable cause for the arrest. A review of the record indicates that the trooper knew that Bailey was previously speeding and was suspected of drunk driving. However, no evidence was presented that the trooper knew any reason for the suspected *Page 18 
drunk driving. This left only the trooper's own observations to form the probable cause for the arrest.
 {¶ 32} Here, the testimony revealed that Bailey had a "tiny odor of alcohol" about him. Tr. 20. Bailey had no problem exiting the vehicle or walking. Tr. 21. After giving the HGN test, the trooper indicated that all six of the factors were present indicating that the test was failed. However, the video indicates that the test was not properly administered in that the officer made no prior observations and did not conduct the test for the proper length of time. The other two tests, while indicating a single factor in each test, were not failed because two factors must be present to fail the tests. The trooper further testified that Bailey followed directions, communicated clearly, and although he appeared uneasy, did not appear unsteady.
 {¶ 33} The dissent discusses how all of the factors should be considered. However, the judgment of the trial court indicates that all factors were considered. The trial court was in a better position to judge the credibility of the witnesses and weigh the evidence. Thus, as long as there is competent, credible evidence to support the trial court's judgment, no abuse of discretion is present. A review of the evidence indicates that the judgment of the trial court is supported by competent and credible evidence. Therefore, I concur in the majority affirming the judgment of the trial court. *Page 19 
 SHAW, P. J., DISSENTS.